IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 5:10-cr-00163

ASHLEY DAWN BRAGG,

        Defendant.

**REVOCATION OF SUPERVISED RELEASE AND JUDGMENT ORDER**

On the 27th day of July 2011, came the Defendant, Ashley Dawn Bragg, in person and by counsel, George H. Lancaster, Jr., AFPD, and also came the United States by Miller A. Bushong, III, AUSA, for a hearing on the *Report on Offender Under Supervision* submitted by the Defendant's supervising probation officer. United States Probation Officer Amy Berry-Richmond was also present at the hearing.

On April 13, 2011, the Defendant was sentenced to a term of imprisonment of seven (7) months to be followed by a term of supervised release of twelve (12) months. The Defendant began serving the term of supervised release on April 23, 2011. On June 27, 2011, the *Report on Offender Under Supervision* (Document 43) was filed charging the Defendant with violating certain conditions of supervised release. An *Amendment to Petition Report* (Document 50) was filed on July 11, 2011.

At the hearing, the Court found that the Defendant had received written notice of the alleged violations as contained in the *Report* and the *Amendment*, and that the evidence against the

Defendant had been disclosed. The Court further found that the Defendant appeared, was given the opportunity to present evidence, and was represented in the proceeding by counsel.

The Court then found, by a preponderance of the evidence, that the Defendant violated certain conditions of supervised release as contained in the *Report* and the *Amendment*, specifically:

1) <u>Special Condition No. 1: The Defendant shall serve a six-month term of community confinement during which time the Defendant shall reside in a community treatment center, a halfway house, or similar facility. The six-month term of community confinement shall commence on a date to be determined by the Defendant's probation officer. While on community confinement, the Defendant shall observe and abide by all the rules of the facility in which the Defendant is housed, and shall not leave the facility without the approval of the court or the probation officer</u>: The Defendant entered Dismas Charities, Inc., on April 26, 2011, but left of her own volition and without good cause on June 17, 2011, in violation of Dismas rules, and in violation of the Court's special condition;

2) <u>Standard Condition No. 6: The Defendant shall notify the probation officer at least ten days prior to any change in residence or employment</u>: The Defendant failed to provide the probation officer with a new address prior to leaving the Dismas facility on June 17, 2011, and is considered to have absconded supervision; and

3) <u>Standard Condition: The Defendant shall not unlawfully possess a controlled substance. The Defendant shall refrain from any unlawful use of a controlled substance</u>: The Defendant submitted a urine specimen positive for benzodiazepines, marijuana, and methamphetamine, on July 1, 2011. The Defendant verbally admitted use of methamphetamines and Xanax.

In making these findings, the Court relied upon the information contained in the *Report* and the *Amendment*, and the Defendant's admission that she committed the allegations contained therein.

Having found the Defendant to be in violation of the conditions of supervised release, the Court **REVOKED** the Defendant's supervised release and, for the reasons more fully stated on the record, entered judgment as follows:

It is the **JUDGMENT** of the Court that the Defendant be committed to the custody of the Federal Bureau of Prisons for a term of **TWELVE (12) MONTHS**. The Court **RECOMMENDS** to the Bureau of Prisons: 1) that the Defendant be placed in any and all appropriate substance abuse

treatment programs which may be offered by the Bureau of Prisons including the 100-hour non-residential treatment program; and 2) that the Defendant be placed in a facility at Alderson, West Virginia.

The Defendant was remanded to the custody of the United States Marshal.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the United States Marshal.

ENTER: July 27, 2011

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA